IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MAREIA BELL                                                                                    PLAINTIFF

v.                                          Case No. 1:15-cv-1067

AUTOZONE STORES, LLC[1]                                                              DEFENDANT

## ORDER

Before the Court is Defendant Autozone Stores, LLC's Motion for Bill of Costs. (ECF No. 37). As the prevailing party in this action,[2] Defendant asserts that it is entitled to costs in the amount of $2,216.40, stemming from costs incurred from the transcription of Plaintiff Mareia Bell's deposition. Plaintiff has not responded to the motion, and the time to do so has passed.[3] The Court finds the matter ripe for consideration.

Courts should award costs other than attorneys' fees to the prevailing party in a lawsuit, unless an express provision regarding costs is made by federal statue or court rule. Fed. R. Civ. P. 54(d)(1). According to 28 U.S.C. § 1920(2), transcription costs may be taxed as costs against the losing party if the deposition was "necessarily obtained for use in a case" and was not "purely investigative." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

---

[1] Defendant Autozone Stores, LLC has indicated that it was improperly named in this action, and that its proper name is "Autozoners, LLC."

[2] On March 16, 2017, the Court granted Defendant's summary judgment motion and entered judgment dismissing this action.

[3] Defendant's bill of costs contains a declaration that a copy of the bill was served on Plaintiff by first class mail, postage prepaid. Likewise, Defendant's supporting brief certifies that notice of the filing was provided to Plaintiff by mail. On May 8, 2017, the Court entered a Show Cause Order, giving Plaintiff fourteen days to show cause why she had not responded to the instant motion, or to respond to the motion. As of the date of this Order, Plaintiff has not filed a response to the motion for bill of costs or to the Court's Show Cause Order.

"Rule 54(d) presumes an award of costs to the prevailing party; however, district courts have substantial discretion in awarding costs." *Id.* However, a court can only decline to award costs if the losing party satisfies its burden of proving that the award would be unfair under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

Defendant argues that it incurred a total of $2,216.40 related to the transcription of Plaintiff's deposition. Defendant states that Plaintiff's deposition transcript was necessarily obtained in order to develop the factual support for its summary judgment motion, and that Defendant heavily relied on the deposition transcription in its summary judgment motion. Plaintiff offers no response to Defendant's argument.

While the Court does have the discretion to deny costs in certain circumstances, it cannot do so here. Plaintiff has offered no response to Defendant's motion, or to the Court's Show Cause Order, and thus she has not satisfied her burden of pointing the Court to a reason why an award of costs is inequitable. Moreover, the Court finds that the transcript of Plaintiff's depositions fits within the category set out in 28 U.S.C. § 1920 because it was "necessarily obtained." As Defendant argues, it cited heavily to Plaintiff's deposition transcript in its summary judgment motion, and the Court relied upon the deposition transcript in granting summary judgment. This supports recovery of costs related to the deposition transcript. *See Jackson v. United Parcel Serv., Inc.*, No. 4:07-cv-0276 GTE, 2008 WL 783344, at *1 (E.D. Ark. Mar. 25, 2008) (finding that a deposition transcript was necessarily obtained when it was used in a successful summary judgment motion); *see also Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995) (affirming an award of deposition transcript costs when the district court relied on the deposition transcripts in ruling on a summary judgment motion).

Upon consideration, Defendant's motion (ECF No. 37) is hereby **GRANTED**. Accordingly, the Court, in its discretion, awards Defendant costs of $2,216.40 related to the transcription of Plaintiff's deposition.[4]

**IT IS SO ORDERED**, this 24th day of May, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] Should Plaintiff demonstrate that she is unable to pay the full amount of costs at one time, "it is the Court's belief that the parties involved can come to an independent arrangement for repayment of the costs over a reasonable amount of time." *See Bright v. Evonik Cyro, LLC*, No. 3:11-cv-0180 SWW, 2013 WL 3772517, at *1 (E.D. Ark. July 18, 2013).